UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD L. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 24-11571-FDS |
| ) | |
| JPMORGAN CHASE AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, C.J.**

This is an action arising out of the denial of a credit-card application. For the third time, Donald L. Brown, proceeding *pro se*, has sued JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "Chase"), alleging that after Chase rejected his credit-card application, it refused to remove the credit inquiry from his credit reports.[1] The complaint asserts various state-law claims and seeks $90,000 in damages. Brown has filed nearly identical lawsuits on two prior occasions, both of which were dismissed by this court. Chase has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending that Brown's claims are precluded by the doctrine of claim preclusion. Because the claims are, indeed, barred, the motion to dismiss will be granted.

---

[1] Counsel for defendant have indicated that the real party in interest is JPMorgan Chase Bank, N.A., a wholly owned subsidiary of JPMorgan Chase & Co. (*See* Notice of Removal at 1 n.1). The amended complaint "change[d] . . . the name of the defendant in each count," but did not update the caption, which continues to list "JPMorgan Chase & Company" as the defendant. (*See* Compl. at 1-2). As the analysis is the same for either defendant, the Court will refer to both entities as "Chase."

I.     **Background**

Unless otherwise noted, the following facts are set forth as alleged in the complaint.[2]

On March 5, 2021, Donald Brown applied for a credit account from Chase, but his application was denied. (Compl. Ex. B ¶ 5, ECF No. 1-2). That application triggered a credit inquiry, which apparently adversely impacted Brown's credit score. (*Id.* ¶¶ 7, 11). On March 28, 2022, he sent Chase a request to remove the credit inquiry from his credit reports, (*id.* ¶ 8), but it allegedly refused the request, (*id.* ¶ 10).

On June 27, 2022, plaintiff filed suit in Dedham District Court. *See Brown v. JPMorgan Chase & Co.*, 2023 WL 3511363, at *2 (D. Mass. May 17, 2023) ("*Brown I*"). Defendant removed that action to this court, where all claims were dismissed on May 17, 2023, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Brown I*, 2023 WL 3511363. The contract claims were dismissed because the complaint failed to describe any contractual obligation defendant owed to plaintiff. *Id.* at *2-3. The claim for intentional infliction of emotional distress was dismissed because defendant's alleged conduct was far below the level of "extreme and outrageous" conduct required for that claim. *Id.* at *3. Similarly, the claim for negligent infliction of emotional distress was dismissed because the complaint failed to make any specific factual allegations that the denial caused physical harm that could amount to more than a recitation of that element of the claim. *Id.* at *3-4. And, finally, the claims under the Massachusetts Credit Reporting Act and under Mass. Gen. Laws ch. 93A were dismissed as preempted by the Fair Credit Reporting Act, and because the complaint failed to specifically allege how defendant violated those statutes. *Id.* at *4-5.

---

[2] On a motion to dismiss, the court may properly take into account four types of documents outside the complaint without converting the motion into one for summary judgment: (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

2

Plaintiff subsequently filed a substantially identical suit in state court, which was also removed to this court. The case was again dismissed, as the claims were essentially identical to those brought in the first action, and were thus barred by the previous dismissal. *Brown v. JPMorgan Chase & Co.*, No. 23-13053, ECF No. 10 (D. Mass. Mar. 4., 2024).

Plaintiff filed the present suit in state court before it was once again removed by defendant to this Court. The present complaint appears to raise one allegation that was not raised in the prior proceedings. Specifically, the complaint alleges that defendant denied plaintiff's credit card application "for a lawsuitagainst [sic] the defendant that the plaintiff [sic] had previously filed," and that the denial was meant to interfere with a "right[] to litigate." (Compl. Ex. B, ECF No. 1-2, at ¶¶ 5, 8-9). The complaint also asserts the same six causes of action and requests the same relief as in the previous actions. (Compl. at ¶¶ 5, 8-9).

**II.     Analysis**

    **A.     Claim Preclusion**

All three cases involve claims that were, or should have been, raised in the first court proceeding, *Brown I*, 2023 WL 3511363 (which itself was dismissed for failing to state a claim). The new claims are therefore barred under principles of claim preclusion.

The doctrine of claim preclusion, or *res judicata*, prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion requires proof of three elements: "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010). Those three elements are clearly satisfied here.

First, plaintiff brought two earlier suits, both of which were dismissed by the court and not appealed. Because the dismissal of plaintiff's first action disposed of the entire original complaint, it constitutes a "final judgment on the merits." *See Brown I*, 2023 WL 3511363. Accordingly, the first element of claim preclusion is satisfied. *See Airframe*, 601 F.3d at 14 (citing *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005)) (holding that dismissal for failure to state a claim is "plainly a final judgment on the merits").

Second, the claims all arise from the same basic allegation that defendant adversely affected his credit rating by refusing to remove its inquiry from his credit reports. Those claims either were actually brought, or should have been brought, in the earlier action.

Third, notwithstanding plaintiff's error in naming the wrong entity as defendant, the parties in this suit are essentially identical to those involved the earlier suit such that the principles of claim preclusion fully apply here.

Accordingly, because all three elements of claim preclusion are satisfied, plaintiff's claims are barred and defendant's motion to dismiss will be granted.

### B.     Repetitive Filing of Legally Deficient Complaints

This is the third time plaintiff has filed a complaint bringing identical claims against the same defendant arising out of the same series of events.[3] Although those complaints were initially brought in Massachusetts state court, plaintiff's repetitive filing of legally deficient complaints are also a burden on the court's time and resources.

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. *Elbery v. Louison*, 201 F.3d 427 (1st Cir. 1999) (per curiam)

---

[3] Again, the other actions previously filed by plaintiff include: *Brown v. JPMorgan Chase and Company*, No. 22-cv-11298-FDS (D. Mass. May 17, 2023); and *Brown v. JPMorgan Chase & Co.*, No. 23-cv-13053-FDS (D. Mass. Mar 4., 2024).

4

(citing *Cok v. Family Ct. of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993)).  Vexatious conduct occurs when a party's actions are "frivolous, unreasonable, or without foundation."  *Local 285, Serv. Emps. Int'l Union, AFL-CIO v. Nonotuck Res. Assocs., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995) (citation omitted); *accord Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist").  Vexatious conduct may be found even in the absence of subjective bad intent.  *Local 285, Serv. Emps. Int'l*, 64 F.3d at 737.

A court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton, or oppressive behavior.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-50 (1991).

Accordingly, plaintiff is hereby warned that if he continues to file groundless or vexatious lawsuits, he may be enjoined from filing further actions in this Court absent permission from a District Judge, and/or he may be subject to monetary sanctions.[4]

### III.  Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED.  The Clerk is directed to enter a separate order of dismissal.

**So Ordered.**

Dated:  October 3, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[4] Under Rule 11, the court may impose sanctions on an unrepresented party if they submit a pleading for an improper purpose or if the claims within it are frivolous or malicious.  *See* Fed. R. Civ. P. 11(b)(1)(2); *Eagle Eye Fishing Corp. v. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (*pro se* parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); *Pronav Charter II, Inc. v. Nolan*, 206 F. Supp. 2d 46, 54 (D. Mass. 2002) (Rule 11 applies to *pro se* litigants).  Rule 11 exists, in part, to protect defendants and the court from wasteful, frivolous, and harassing lawsuits, and provides for sanctions as a deterrent.  *See Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992).